UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| RANDY L. TIESZEN, | ) | CIV. 11-5053-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JUDGE JOHN BASTIAN, | ) | |
| JOHN HUNTER, DON FRIEDEL, | ) | |
| TANYA GUNHAMMER, | ) | |
| IDA MAE FRIEDEL, JIM | ) | |
| STEWART, CURT NULY and FRED | ) | |
| BAXTER, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

On June 27, 2011, plaintiff Randy L. Tieszen, appearing *pro se*, filed a complaint claiming various violations of his civil rights. (Docket 1). On July 15, 2011, Mr. Tieszen filed an amendment to his complaint identifying additionally named defendants. (Docket 6). On November 8, 2011, defendant Judge John Bastian filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), asking the court to dismiss the complaint against him for failure of plaintiff's complaint to state a claim upon which relief can be granted. (Docket 21). The basis for the motion is that as a Circuit Court Judge for the State of South Dakota for the Fourth Judicial Circuit, including Butte County, South Dakota, defendant Bastian is entitled to judicial immunity on all claims of the complaint. (Dockets 21 & 22, p. 4). Defendant Bastian also asks the court to

decline to exercise jurisdiction under Heck v. Humphry, 512 U.S. 477 (1994) and the Rooker-Feldman[1] doctrine.  (Docket 21).

The court received numerous handwritten letters from Mr. Tieszen. (Dockets 40-47).  These letters present a rambling account of the general history of Mr. Tieszen's relationship with law enforcement and the court system in Butte County, South Dakota.

For the reasons stated below, defendant Bastian's motion to dismiss is granted.

## DISCUSSION

A *pro se* complaint must be liberally construed.  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citations and quotation marks omitted).

In reading the complaint (Docket 1), the supplement (Docket 6), as well as Mr. Tieszen's letters, plaintiff asserts in non-specific allegations a civil rights claim against defendant Bastian, in his official capacity as a state circuit court judge, for Judge Bastian's rulings and orders in Mr. Tieszen's criminal case,

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

Butte County, South Dakota, criminal file CR. 01-77, and a Butte County Temporary Protection Order file TPO. 01-75.  See Dockets 1, 6 & 22 at p. 2. Plaintiff objects to the motion to dismiss on the generalized belief Judge Bastian should not have handled those cases in the manner in which they were resolved.

Rule 12(b)(6) provides for the dismissal of a claim if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating defendant Bastian's Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in Mr. Tieszen's claim and grants all reasonable inferences in favor of plaintiff as the nonmoving party.  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  See also Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (the court must review "a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950.  "In assessing a motion under Rule 12(b)(6), a court should accord a *pro se* complaint a liberal construction, and should not dismiss the complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" Holloway v. Lockhart, 792 F.2d 760, 761 (8th Cir. 1986) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (other internal citation omitted).

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability. 'The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994) (citing Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 (1993)). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. at 554 (internal citation and quotation marks omitted). "It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would

contribute not to principled and fearless decisionmaking but to intimidation." Id.

"[J]udges are generally immune from suit for money damages, they can be sued in two circumstances. First, a judge may be subject to suit for non-judicial acts. . . . Second, judges are not immune from lawsuits based on actions taken in the complete absence of all jurisdiction." Duty v. City of Springdale, Arkansas, 42 F.3d 460, 462 (8th Cir. 1994) (internal citations omitted). Mr. Tieszen's complaint suggests a conspiracy between Judge Bastian and law enforcement, but plaintiff alleged no basis for a conspiracy beyond his suggestion that inferences of a conspiracy could be drawn from Judge Bastian's judicial decisions.

There is no question that Judge Bastian, as a circuit court judge, had jurisdiction to preside in Mr. Tieszen's criminal file and over the temporary protection order proceeding. The South Dakota Constitution provides, in part, "[t]he circuit courts have original jurisdiction in all cases except as to any limited original jurisdiction granted to other courts by the Legislature. The circuit courts and judges thereof have the power to issue, hear and determine all original and remedial writs." Article V, § 5, South Dakota Constitution. See also SDCL 16-6-9 ("The circuit court has original jurisdiction . . . [i]n all actions at law and in equity . . . ."); SDCL 16-6-12 ("The circuit court has exclusive original jurisdiction to try and determine all cases of felony, and original jurisdiction concurrent with courts of limited jurisdiction as provided by law to

try and determine all cases of misdemeanor and actions or proceedings for violation of any ordinance, bylaw, or other police regulation of political subdivisions.").

The court concludes there is no set of facts which entitle Mr. Tieszen to the relief he seeks against Judge Bastian.  Holloway, 792 F.2d at 761-62.  Defendant Bastian's Rule 12(b)(6) motion to dismiss him from plaintiff's complaint is granted.

The court also declines to exercise jurisdiction over plaintiff's allegations against defendant Bastian as the claims are a collateral attack on a criminal judgment and a state court civil proceeding.  Rooker, 263 U.S. at 416; D.C. Court of Appeals, 460 U.S. at 482; Heck, 512 U.S. 477.

## ORDER

Based on the court's decision, it is hereby

ORDERED that defendant Bastian's motion to dismiss (Docket 21) is granted.

IT IS FURTHER ORDERED that the plaintiff's claims against defendant Bastian are dismissed with prejudice.

Dated March 27, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE